O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8818 AHM (FMOx) | Date | April 19, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

This matter is before the Court on the motion for judgment on the pleadings filed by defendants Planned Parenthood[1], Mary Jane Waglé, Martha Swiller, and Kathy Kneer's (collectively "Defendants"). For the reasons set forth below, the Court GRANTS the motion in part and DENIES it in part.[2]

**I. INTRODUCTION**

In this case, *qui tam* plaintiff P. Victor Gonzalez ("Plaintiff") alleges that nine Planned Parenthood entities in California defrauded the federal government and the state of California by overbilling for contraceptives provided through the state's Family Planning, Access, Care and Treatment ("FPACT") program. FPACT is a program jointly funded by the federal and state governments that funds health care services to low-income men and women. Planned Parenthood acquires contraceptives at a significant discount from manufacturers, but seeks reimbursement from FPACT in amounts greater than it paid. In essence, Plaintiff contends that Planned Parenthood violated federal and state laws by billing the state at its "usual and customary" charges, instead of "at cost."

Plaintiff was the Chief Financial Officer of Planned Parenthood of Los Angeles

---

[1] Although the nine Planned Parenthood entities named as defendants are separate nonprofit organizations, the Court will refer to them generically as "Planned Parenthood."

[2] Docket No. 89.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8818 AHM (FMOx) | Date | April 19, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

(PPLA) from December 2002 to March 2004. He first notified the federal government of the allegations contained in his complaint in a letter dated November 18, 2005. He filed this action on December 19, 2005, alleging violations of the federal False Claims Act, among other claims. Defendants are nine regional Planned Parenthood organizations within California, including PPLA; Planned Parenthood Affiliates of California (PPAC), an umbrella organization based in Sacramento; Mary Jane Waglé and Martha Swiller, officers of PPLA; and Kathy Kneer, President of PPAC.

On November 1, 2007, the United States filed a notice of non-intervention. On May 1, 2008, Plaintiff filed a First Amended Complaint ("FAC"), alleging twelve counts. On July 9, 2008, Defendants filed a motion to dismiss based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Defendants sought dismissal of all twelve claims in the FAC. They sought dismissal of Plaintiff's claims under the federal False Claims Act (FCA) (Counts I to III) on the ground that Plaintiff was not a whistleblower under the FCA, 31 U.S.C. § 3730(e)(4)(A). They also contended that Plaintiff failed to state a claim for relief under the FCA because the rule that he alleged they violated is ambiguous. Defendants next sought dismissal of Plaintiff's claims under various federal criminal statutes (Counts IV-VII) for lack of jurisdiction and dismissal of Count XII (unjust enrichment) for lack of standing. Plaintiff did not oppose dismissal of Counts IV-VII and Count XII. Finally, Defendants sought dismissal of Plaintiff's claims under the California False Claims Act (Counts VIII-XI). Defendants argued the state claims should be dismissed because the California FCA contains jurisdictional limitations identical to those of the federal FCA claims.

This Court determined it lacked subject matter jurisdiction over the federal FCA claims because the allegations or transactions giving rise to those claims were previously publicly disclosed other than by plaintiff. Because the California FCA contains a similar jurisdictional provision, the Court granted the motion, and dismissed the action with prejudice.

Plaintiff filed a motion to alter or amend judgment, which the Court denied. Plaintiff appealed and the Ninth Circuit Court of Appeals reversed and remanded, on the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8818 AHM (FMOx) | Date | April 19, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

basis that this Court erred in holding that there had been prior public disclosures. Seven claims remain at issue on remand[3]:

| Claim | Description |
|---|---|
| I | Submission of False Claims (31 U.S.C. § 3729(a)(1)) |
| II | Use of False Statements or Records or Statements (31 U.S.C. § 3729(a)(2)) |
| III | Conspiracy to Get False Claims Paid (31 U.S.C. § 3729(a)(3)) |
| VIII | Submission of False Claims (Cal. Gov't Code § 12651(a)(1)) |
| IX | Use of False Statements or Records (Cal. Gov't Code § 12651(a)(2)) |
| X | Inadvertent Submission of False Claims (Cal. Gov't Code § 12651(a)(8)) |
| XI | Conspiracy to Submit False Claims (Cal. Gov't Code § 12651(a)(3)) |

Defendants now move for judgment on the pleadings under Fed. R. Civ. P. 12(c).

## II. LEGAL STANDARDS GOVERNING RULE 12(c) MOTIONS

After the pleadings are closed but early enough not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard applied on a Rule 12(c) motion is essentially similar to that applied on Rule 12(b)(6) motions; a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005). When deciding a motion for judgment on the pleadings, the Court should assume the allegations in the Complaint are true and construe them in the light most favorable to the plaintiff. *McGlinchey v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). The movant must clearly establish that no material issue of fact remains to be resolved. *Id.* However, "conclusory allegations without more are insufficient to defeat a motion [for judgment on the

---

[3]Plaintiff's Opposition p. 2, n.1 ("Only Counts I-III and VIII-XI remain in this case.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8818 AHM (FMOx) | Date | April 19, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

pleadings]." *Id.*

As with Rule 12(b)(6) motions, "[g]enerally, a district court may not consider any material beyond the pleadings[.] . . . However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted); WILLIAM W. SCHWARZER, ET AL., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL ("RUTTER GUIDE") § 9:339.1 (2011). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss[,]" or on a Rule 12(c) motion, without converting the motion into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1363 (3d ed. 2010).

## III. DISCUSSION

Defendants raise numerous arguments in support of their motion for judgment on the pleadings. First, Defendants argue Plaintiff's claims fail as a matter of law because the relevant regulations are ambiguous, which they claim precludes a finding of falsity and knowledge. Second, Defendants argue Plaintiff's claims fail as a matter of law because Defendants were open with state and government officials about their billing practices, which they claim precludes a finding of falsity and knowledge. Third, Defendants argue Plaintiff's state law claims are time-barred. Finally, Defendants argue Plaintiff has failed to plead his claims with particularity as required by Federal Rule of Civil Procedure 9(b). The Court addresses these arguments in turn.

### A.   Ambiguity In the Applicable Rules and Regulations

Defendants argue Plaintiff's claims fail as a matter of law because the state agency responsible for administering FPACT, the California Department of Health Services ("CDHS"), determined that the FPACT rules and regulations governing Planned

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8818 AHM (FMOx) | Date | April 19, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

Parenthood's billing practices were ambiguous. The FAC and the instant motion both generally refer to "FPACT rules and regulations" but it appears that the specific "rule or regulation" at the heart of this case is the requirement "that drugs and supplies dispensed by the Family PACT provider must be billed 'at cost'." This statement – which Plaintiff characterizes in the FAC as an "unambiguous proscription" (¶ 8) – appears in the excerpts of the "FPACT MANUAL August 2001" attached to the FAC. Exhibit 1a at p. 65. The FAC also cites several other laws in support of this "at cost" billing requirement, although none of these is specifically addressed in Defendants' motion. *E.g.* FAC ¶¶ 9-13.

Defendants argue that the meaning of billing "at cost" *is* ambiguous. Defendants' motion cites to a November 19, 2004 letter from CDHS to the Vice-President of Planned Parenthood of San Diego and Riverside counties and attached to the FAC at Exhibit 7, p. 139. The letter states that "no specific definition of 'at cost' is contained in [the FPACT Policies, Procedures and Billing Instructions (PPBI) manual] other than a general statement that 'at cost' means 'the cost to the provider'" and that "DHS has became [sic] concerned that, with regard to the definition of 'at cost', conflicting, unclear, or ambiguous representations have been made to providers." *Id.* at 140.

Defendants rely on this November 19, 2004 letter from CDHS as proof of the alleged ambiguity. According to Defendants, "when, as here, a relator alleges an FCA violation based upon failure to comply with certain regulations, ambiguity in those regulations will preclude liability as a matter of law." Defendants' Memorandum of Points and Authorities ("MPA") p. 7. Although Defendants cite a number of cases in support of this argument, they rely primarily on two Ninth Circuit Court of Appeals decisions: *U.S. ex rel. Oliver v. Parsons Company*, 195 F.3d 457 (9th Cir. 1999) ("*Parsons*") and *Hagood v. Sonoma Cnty. Water Agency*, 81 F.3d 1465 (9th Cir. 1996) ("*Hagood II*"). The other cases Defendants cite are either out-of-circuit authority or district court decisions from within this Circuit, and hence not binding on this Court, however persuasive they might otherwise be.

In *Hagood II*, a former Army Corps of Engineers employee alleged that the Sonoma County Water Agency ("the Water Agency") presented a false claim in connection with the construction of the Warm Springs Dam in northern California. 81

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8818 AHM (FMOx) | Date | April 19, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

F.3d at 1467. The Water Agency "agreed to repay the United States for the water supply component of the cost of building the dam. . . ." *Id.* Hagood alleged "that [the Water Agency] fraudulently induced the United Stated to underbill it" by not submitting an updated and accurate cost allocation regarding the water supply component of the project. *Id.* at 1467, 1468-69. This "reverse false claim" allegedly resulted in the Water Agency owing the United States less money than it otherwise would have. *Id.* at 1467. The district court granted summary judgment in favor of the Water Agency on the cost allocation claim. *Id.*

On appeal, the Ninth Circuit affirmed the district court's judgment. *Id.* at 1479. In order to survive summary judgment, the relator in a *qui tam* action must produce sufficient evidence to support both an inference of falsity and an inference of knowing fraud.[4] *Id.* at 1477. As to falsity, the Ninth Circuit held:

> How precise and how current the cost allocation needed to be in light of the statute's imprecise and discretionary language was a disputed question within the Corps. Even viewing Hagood's evidence in the most favorable light, that evidence shows only a disputed legal issue; that is not enough to support a reasonable inference that the allocation was *false* within the meaning of the False Claims Act.

*Id.*
As to knowledge of falsity, the Ninth Circuit held:

> Hagood's evidence does not suggest that the Water Agency lied; it suggests only that the Water Agency knew that *the Corps'* responsibility with regard to allocating costs was not clear, and

---

[4] *Hagood II*, *Parsons*, and nearly every other case cited by Defendants in support of their argument are inapposite here insofar as they all address motions for summary judgment. The courts in these cases not only applied a different legal standard than this Court must apply to the present motion, they also did so with the benefit of developed evidentiary records. This Court does not have such a record before it.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8818 AHM (FMOx) | Date | April 19, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

> that the Corps might exercise its authority in a number of ways. At most, Hagood has shown that the Water Agency took advantage of a disputed legal issue. This, as we have previously held, is not enough.

*Id.* at 1478-79.

In *Parsons*, the plaintiff was an accountant for The Parsons Company ("TPC") which she accused (along with several related companies) of knowingly violating accounting standards in order to overcharge the government in connection with TPC's contract with the State of California Bureau of Automotive Repairs. 195 F.3d at 460-61. The district court granted summary judgment in favor of defendants, "because Parsons employed a 'reasonable interpretation' of the applicable regulations and because the facts alleged failed to meet the scienter requirement." *Id.* at 460. On appeal, the Ninth Circuit reversed. *Id.* Interpreting *Hagood II*, upon which the district court relied, the Ninth Circuit stated:

> *Hagood* does not stand for the proposition that a 'reasonable interpretation' of a regulation precludes falsity. . . . In *Hagood*, the statute itself granted discretion in deciding the cost allocation that the plaintiff claimed was false. . . . Unlike *Hagood*, this case involves regulations that, while unquestionably technical and complex, are not discretionary. Their meaning is ultimately the subject of judicial interpretation, and it is Parsons' compliance with these regulations, as interpreted by this court, that determines whether its accounting practices resulted in the submission of a 'false claim' under the Act. . . . Thus, while the reasonableness of Parsons' interpretation of the applicable accounting standards may be relevant to whether it knowingly submitted a false claim, the question of 'falsity' itself is determined by whether Parsons' representations were accurate in light of applicable law.

*Id.* at 463. The Ninth Circuit further held that there was sufficient evidence to create a genuine issue of fact as to the question of scienter. *Id.* at 465.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8818 AHM (FMOx) | Date | April 19, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

    This Court concludes that, at least in the Ninth Circuit, ambiguity in the rule or regulation supposedly violated does not necessarily preclude FCA liability as a matter of law. The FPACT rules and regulations at issue here are not "discretionary," unlike the Water Supply Act concerning allocation of costs at issue *Hagood II*. 81 F.3d 1465, 1477 ("The language of the Water Supply Act . . . provides the relevant government officials with fairly wide discretion . . . ."). Instead, as the Ninth Circuit held concerning the accounting standard at issue in *Parsons*, the meaning of the FPACT rules and regulations ultimately is the subject of judicial interpretation, as is whether Defendants complied with the rules and regulations. This Court will not, on the limited record before it and in the context of a motion for judgment on the pleadings, determine the meaning of billing "at cost" and whether, in light of that meaning, Defendants knowingly submitted a false claim.

    Defendants attempt to distinguish *Parsons* on the basis that in *Parsons* the Ninth Circuit observed in a footnote that "the agency to which the allegedly false claim was submitted has not taken any position regarding any of the issues in this case, and thus no question of *Chevron* deference is presented." 195 F.3d at 463 n.2. Here, Defendants point to the CDHS letter and argue that the agency *did* take a position – namely, that the rules and regulations are ambiguous.[5] Defendants argue that this Court should defer to that determination. As the Government points out in its *amicus* brief, however, "even where deference is owed, deference applies only where the agency's interpretation is based on a 'permissible' or 'reasonable' construction of the statute or regulation at issue." United States' *Amicus Curiae* Brief p. 6. Again, the Court cannot – without converting this motion into a motion for summary judgment – make an informed determination regarding the permissibility or reasonableness of what may have been the CDHS's construction of the FPACT rules and regulations.

/ / /

---

[5] The November 19, 2004 letter is not nearly so authoritative for the proposition that CDHS took that position.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8818 AHM (FMOx) | Date | April 19, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

**B.     The "Government Knowledge" Defense**

Defendants argue Plaintiff's claims fail "because Defendants were open with state and federal officials about the billing practices that form the crux of Gonzalez's Complaint" and that such government knowledge contradicts both the falsity and the scienter elements of FCA liability, such that Plaintiff cannot prove those elements at trial. Defendants' MPA pp. 11-12.

The FCA does not define "false." In the Ninth Circuit, the government's knowledge of the falsity of a claim does not preclude a finding of falsity. Rather, "the question of 'falsity' . . . is determined by whether [a defendant's] representations were accurate in light of applicable law." *Parsons*, 195 F.3d at 463; *United States v. Bourseau*, 531 F.3d 1159, 1164 (9th Cir. 2008) ("[C]ourts decide whether a claim is false or fraudulent by determining whether a defendant's representations are accurate in light of applicable law.").

*Scienter* is a different matter. It may be that evidence of the government's knowledge of Defendants' billing practices is at odds with a finding that Defendants knowingly submitted false claims, but even evidence of such knowledge does not necessarily preclude liability as a matter of law. In *United States ex rel. Hagood v. Sonoma Cnty. Water Agency*, 929 F.2d 1416 (9th Cir. 1991) ("*Hagood I*"), the Ninth Circuit reversed the district court's holding that the Army Corp of Engineers' knowledge of inaccurate cost allocations precluded a finding of fraudulent intent on the part of the Water Agency. In reaching this conclusion, the Ninth Circuit stated:

> [T]he knowledge possessed by officials of the United States *may* be highly relevant. Such knowledge *may* show that the defendant did not submit its claim in deliberate ignorance or reckless disregard of the truth. But this comforting conclusion for the Water Agency cannot be reached by mere inspection of Hagood's complaint. *Only at the stage of trial or summary judgment* will it be possible for a court to say, for example, that the Water Agency did merely what the Corps bid it do . . . .

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8818 AHM (FMOx) | Date | April 19, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

929 F.2d at 1421 (emphasis added). The Ninth Circuit discussed *Hagood I* in a later case, concluding:

> *Hagood* does state . . . that the Army's knowledge of the underlying facts is not automatically a complete defense when that knowledge appears only as an allegation on the face of a complaint under the FCA. Nevertheless, *Hagood* left open the possibility that *at the summary judgment stage or after trial*, the extent and the nature of the government knowledge may show that the defendant did not 'knowingly' submit a false claim and so did not have the intent required by the post-1986 FCA.

*U.S. ex rel. Butler v. Hughes Helicopters, Inc.*, 71 F.3d 321, 327 (9th Cir. 1995) ("*Butler*") (emphasis added).

   Here, Defendants argue the government's knowledge of and assent to Defendants' billing practices is demonstrated through various communications attached as exhibits to the FAC. Defendants' Reply p. 16. Construing the content of these letters in the light most favorable to Plaintiff, however, the Court cannot conclude at this stage that the letters demonstrate government knowledge such that Defendants' *scienter* is negated as a matter of law. Indeed, some of the communications seem clearly to state that the government did *not* assent to Defendants' billing practices. *See, e.g.*, FAC Ex. 2a ("It is expected that reimbursement . . . not exceed the actual purchase cost . . . ."); Ex. 2b ("Medi-Cal claims for any drug dispensed . . . must be for 'cost', not 'usual and customary'."). On the other hand, the Court acknowledges that there also is evidence that could be construed to support Defendants' argument. *E.g.*, FAC Ex. 7 at 140 ("DHS has became [sic] concerned that, with regard to the definition of 'at cost', conflicting, unclear, or ambiguous representations have been made to providers."). It may be that on summary judgment or at trial, when the Court has a developed record before it, the "extent and the nature of government knowledge may show that the defendant did not 'knowingly' submit a false claim." *Butler*, 71 F.3d at 327.

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8818 AHM (FMOx) | Date | April 19, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

### C. The Statute of Limitations on Plaintiff's State Law Claims

Plaintiff and Defendants agree that the applicable statute of limitations under the relevant California False Claims Act ("CFCA") is within "three years after the date of discovery by the official of the state or political subdivision charged with responsibility to act in the circumstances . . . ." Cal. Gov't Code § 12654(a) (1996). Further, the parties agree that "discovery" is defined to mean "the discovery by the aggrieved party of the fraud *or* facts that would lead a reasonably prudent person to *suspect* fraud." *Debro v. L.A. Raiders*, 92 Cal. App. 4th 940, 950 (2001). "It is not necessary that all of the facts be discovered for the limitations period to commence. Section 12654, subdivision (a) merely requires that the responsible government officials be placed on notice of the facts giving rise to the claim . . . ." *Id.* at 955.

Defendants argue that they "notified CDHS of their billing practices in a series of letters exchanged in 1997 and 1998." Defendants' MPA p. 16. This is eight years prior to Plaintiff filing this action. Plaintiff disagrees with Defendants' characterization of these letters, claiming they "provide nothing more than information about past practices of the Planned Parenthood clinics, requests for clarification about the proper application of state laws, and responses to those requests by DHS." Opp. p. 14. Plaintiff claims these letters did not "put DHS on notice that defendants would *continue* to engage in improper billing practices . . . ." *Id.* (emphasis added).

Perhaps, construed in the light most favorable to Plaintiff, the letters could be deemed not to trigger the running of the statute of limitations because they did not proclaim a specific intent to continue the challenged practices. As Defendants point out, however, Plaintiff only addresses four letters attached as exhibits to the FAC. Plaintiff does not mention the letter from defendant Kathy Kneer, CEO of PPAC, which Defendants attached as an exhibit to their answer.[6] Ms. Kneer writes, for example, "We

---

[6] This letter is properly before the Court because it was attached to a pleading (Defendants' answer) as an exhibit. *Buraye v. Equifax*, 625 F. Supp. 2d 894, 897 (C.D. Cal. 2008) (Morrow, J.) ("In deciding the motion [for judgment on the pleadings], the court may consider only the pleadings, that is, the complaint, the answer, and any written

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8818 AHM (FMOx) | Date | April 19, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

hope to clarify that in fact, our clinics *are* billing correctly for oral contraceptives purchased under nominal pricing agreements." Answer Ex. A (emphasis added). Plaintiff alleges overbilling from "at least 1997" and this letter, dated January 14, 1998, specifies Planned Parenthood clinics *are* billing in the manner that forms the basis of Plaintiff's allegations. *E.g.* FAC ¶ 95. Thus, Plaintiff's argument regarding a lack of notice of "continuing" improper billing practices falls flat. The contents of this January 14, 1998 letter, in conjunction with the other letters attached to the FAC, were sufficient to "put responsible government officials on notice to inquire about a possible false claim." *Debro*, 92 Cal. App. 4th at 954-55. Accordingly, Plaintiff's state law claims are time barred.

## D. Failure to State a Claim Under Rule 9(b)

Defendants argue that Rule 9(b) applies to claims brought under the FCA and CFCA and that Plaintiff has failed to plead his claims with the required particularity. *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) ("[W]e hold that complaints brought under the FCA must fulfill the requirements of Rule 9(b) . . . ."); *Cnty. of Santa Clara v. Astra U.S., Inc.*, 428 F. Supp. 2d 1029, 1036-37 (N.D. Cal. 2006) (applying Rule 9(b) to CFCA claims). Specifically, Defendants argue: 1) Plaintiff "lumps together" eight of the 13 named defendants and the Doe defendants and "has not made a single allegation of specific conduct as to any of them"; 2) Plaintiff fails specifically to allege any false claim or statement in connection with the overbilling fraud; 3) Plaintiff "fails to tie any given claim, record, or statement to a specific government-funded program"; and 4) Plaintiff fails "to allege when the overbilling occurred and in what amounts." Defendants' MPA pp. 17, 21, 22, 24.

### 1. Lumping Defendants together

"Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his

---

instruments attached as exhibits." (quotation marks omitted)). Regardless, the FAC incorporates the letter by reference.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8818 AHM (FMOx) | Date | April 19, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (quotation marks omitted). The Court agrees with Defendants that the FAC does not sufficiently differentiate allegations between the various defendants. Although "there is no absolute requirement that . . . the complaint must identify *false statements* made by each and every defendant", the complaint in this case must contain more detail regarding the circumstances of the alleged conduct of the individual named defendants listed on p. 18 of Defendants' MPA. *Id.* at 764. As the FAC stands, it merely alleges "defendants" as a whole engaged in particular behavior, and is deficient in that respect. The Court agrees with Plaintiff, however, that no further detail is needed regarding the Doe defendants.

    2. <u>Failure to allege specific false claim or statement and failure to allege specific dates and amounts</u>

  "[A]llegations that all claims submitted during an almost four year period were fraudulently submitted is insufficient particularity to satisfy the 9(b) pleading standard. While the Court is not suggesting that Rule 9(b) requires precise details pertaining to each of the . . . claims submitted, the Ninth Circuit requires some specifics, such as the time, place, nature [sic] of the false statement . . . ." *U.S. ex rel. Serrano v. Oaks Diagnostics, Inc.*, 568 F. Supp. 2d 1136, 1143 (C.D. Cal. 2008) (Lew, J.) (citing *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007)).

  In his Opposition, Plaintiff does not bother to point out a single paragraph in the FAC that provides some "specifics" regarding the alleged false claims or statements. Instead, Plaintiff merely concludes that "the details of the misconduct suffice to give notice, and there are more than enough reasonable indicia that false claims were actually submitted." Opp. p. 18. The FAC does not contain sufficient detail regarding the alleged false statements, which he claims took place from "at least 1997" through the filing of his complaint in 2008. *E.g.* FAC ¶ 70. To be sure, Plaintiff need not state each and every claim in exacting detail, but there must be something more than the mere blanket assertion that defendants submitted false claims. He must at least plead the "who, what, when, where, and how" of the alleged false claims with sufficient particularity. *See Frazier ex rel. U.S. v. Iasis Healthcare Corp.*, 392 Fed. Appx. 535, 537 (9th Cir. 2010) ("Although it is not mandatory that Frazier provide representative examples, such

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8818 AHM (FMOx) | Date | April 19, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

examples would go a long way in providing the necessary particularity under Rule 9(b).").

        3.    <u>Failure to tie alleged overbilling claim, record, or statement to a specific government-funded program</u>

Finally, Defendants argue that Plaintiff has failed to link the alleged false claim to a specific government-funded program. This is not the case. As Plaintiff states in his Opposition, "the FAC and its exhibits expressly point to overbilling in the Family PACT program for serving Medi-Cal recipients. (Defendants did not bill the federal government directly.)" The issue of "which claims, if any, were allegedly in noncompliance with Family PACT" (Reply p. 21) has been addressed above regarding the lack of detail as to alleged false claims.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for judgment on the pleadings in part and DENIES it in part. The seven claims remaining in the FAC are dismissed. Plaintiff argues that Defendants' motion, even if granted, should not result in the dismissal of the FAC because the motion "challenges only one particular theory of false claims, namely, defendants' illegal marking up of claims for government reimbursement for birth control drugs and devices." Opp. p. 2. This argument is meritless. Plaintiff failed to raise any other "particular theory" of liability in opposition to Defendants' first motion to dismiss, or in Plaintiff's motion to amend the judgment after the Court granted that motion to dismiss, or on appeal to the Ninth Circuit. To the extent there was ever any basis for theories of liability *other* than "marking up of claims for government reimbursement for birth control drugs and devices," Plaintiff has abandoned such claims.

The federal law claims (Claims I - III) are dismissed for failing to comply with Rule 9(b) and the state law claims (Claims VIII - XI) are dismissed as time-barred.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8818 AHM (FMOx) | Date | April 19, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

Plaintiff is granted leave to amend as to Claims I - III only.[7] If Plaintiff chooses to amend, the second amended complaint must be filed no later than 21 days from the date of this order.

      No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

                                                                                                                    :

Initials of Preparer                 SMO

---

[7] "Although Rule 12(c) does not mention leave to amend, courts have discretion to grant a Rule 12(c) motion with leave to amend (and frequently do so where the motion is based on a pleading technicality)." RUTTER GUIDE § 9:341.