MATTHEW DONALD UMHOFER (SBN 206607)
matthew.umhofer@skadden.com
NICOLE A. RODRIGUEZ (SBN 261646)
nicole.rodriguez@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Tel: (213) 687-5000
Fax: (213) 687-5600

Attorneys for Defendants Planned Parenthood Los Angeles; Planned Parenthood Shasta-Diablo; Golden Gate Community Health; Planned Parenthood Mar Monte; Planned Parenthood of San Diego and Riverside Counties; Planned Parenthood Orange and San Bernardino Counties; Planned Parenthood Pasadena and San Gabriel Valley; Planned Parenthood Santa Barbara, Ventura and San Luis Obispo Counties; Six Rivers Planned Parenthood; Planned Parenthood Affiliates of California; Mary-Jane Waglé; Martha Swiller; and Kathy Kneer

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| P. VICTOR GONZALEZ, QUI TAM PLAINTIFF,<br><br>Plaintiff,<br><br>v.<br><br>PLANNED PARENTHOOD OF LOS ANGELES, et al.,<br><br>Defendants. | CASE NO. CV 05-8818-AHM (FMOx)<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS AS TO ALL DEFENDANTS DUE TO DEFENDANT GOLDEN GATE COMMUNITY HEALTH'S BANKRUPTCY FILING**<br><br>Date: June 27, 2011<br>Time: 10:00 a.m.<br>Judge: Hon. A. Howard Matz<br>Courtroom: 14 |

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES ........................................................................................ ii

ARGUMENT.................................................................................................................1

    I.    THE COURT SHOULD STAY THIS CASE BECAUSE GOLDEN GATE COMMUNITY HEALTH IS AN INDISPENSABLE PARTY ................................................................1

    II.    EVEN IF GGCH IS NOT INDISPENSABLE, THE COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO STAY THESE PROCEEDINGS.........................................................3

CONCLUSION .............................................................................................................9

# TABLE OF AUTHORITIES

**CASES**                                                                **PAGE(S)**

AsIs Internet Services v. Active Response Group,
    No. C07 6211 THE,
    2008 WL 4279695 (N.D. Cal. Sept. 16, 2008) ................5

AsIs Internet Services v. Member Source Media, LLC,
    No. C-08-1321 EMC,
    2008 WL 4164822 (N.D. Cal. Sept. 8, 2008) ................5

Austin v. Unarco Industrial, Inc.,
    705 F.2d 1 (1st Cir. 1983) ................7, 8

Burk v. Steve & Barry's Illinois, LLC,
    No. 07-CV-0349-MJR,
    2008 WL 4900717 (S.D. Ill. Nov. 13, 2008) ................2

CMAX, Inc. v. Hall,
    300 F.2d 265 (9th Cir. 1962) ................3, 4, 5

Cell Therapeutics, Inc. v. Lash Group, Inc.,
    586 F.3d 1204 (9th Cir. 2009) ................8

Chronicle Publishing Co. v. National Broadcasting Co.,
    294 F.2d 744 (9th Cir. 1961) ................7

Dawavendewa v. Salt River Project Agriculture Improvement & Power
    District,
    276 F.3d 1150 (9th Cir. 2002) ................1

Doe 1 v. AOL LLC,
    719 F. Supp. 2d 1102 (N.D. Cal. 2010) ................4

Duval v. Gleason,
    No. C-90-0242-DLJ,
    1990 U.S. Dist. LEXIS 18398 (N.D. Cal. Oct. 19, 1990) ................8

Haas v. Jefferson National Bank,
    442 F.2d 394 (5th Cir. 1971) ................2

Keating v. Office of Thrift Supervision,
    45 F.3d 322 (9th Cir. 1995) ................3, 4

Keshishzadeh v. Arthur J. Gallagher Service Co.,
    Nos. 09cv0168-LAB (RBB) & 09cv1273-LAB (RBB),
    2010 WL 1904887 (S.D. Cal. May 12, 2010) ................4

Laker Airways, Inc. v. British Airways, PLC,
    182 F.3d 843 (11th Cir. 1999) ................2

Landis v. North American Co.,
    299 U.S. 248 (1936) ................3

Leyva v. Certified Grocers of California, Ltd.,
   593 F.2d 857 (9th Cir. 1979)..................................................................3, 7

McNeill v. Travelers Insurance Co.,
   No. 05-2727-STA,
   2008 U.S. Dist. LEXIS 102108 (W.D. Tenn. Dec. 17, 2008) ........................2

Mediterranean Enterprises, Inc. v. Ssangyong Corp.,
   708 F.2d 1458 (9th Cir. 1983)..........................................................................3

Mortgages, Inc. v. U.S. District Court for District of Nevada,
   934 F.2d 209 (9th Cir. 1991)............................................................................8

Occidental Petroleum Corp. v. Buttes Gas & Oil Co.,
   331 F. Supp. 92 (C.D. Cal. 1971), aff'd 461 F.2d 1261 (9th Cir. 1972).........2

Realnetworks, Inc. v. DVD Copy Control Association, Inc.,
   264 F.R.D. 517 (N.D. Cal. 2009) .....................................................................6

In re Related Asbestos Cases,
   23 B.R. 523 (Bankr. D.C. Cal 1982) ................................................................9

Seastrom v. Department of Army,
   No. C-08-4108 EMC,
   2009 WL 585838 (N.D. Cal. March 4, 2009)..................................................5

Seiko Epson Corp. v. Nu-Kote International, Inc.,
   190 F.3d 1360 (Fed. Cir. 1999)........................................................................8

Symantec Corp. v. Logical Plus, Inc.,
   No. C 06-7963 SI,
   2009 U.S. Dist. LEXIS 86340 (N.D. Cal. Sept. 8, 2009)................................8

In re Toyota Motor Corp.,
   No. 8:10ML 02151 JVS (FMOx),
   2011 WL 1485479 (C.D. Cal. Apr. 8, 2011) ...................................................2

Wedgeworth v. Fibreboard Corp.,
   706 F.2d 541 (5th Cir. 1983)........................................................................7, 8

Williford v. Armstrong World Industrial, Inc.,
   715 F.2d 124 (4th Cir. 1983)............................................................................7

# ARGUMENT

Gonzalez's opposition does nothing to refute the compelling reasons why this case should be stayed as to all Defendants pending the resolution of bankruptcy proceedings involving Golden Gate Community Health ("GGCH"). Gonzalez's failure to discuss the facts of this case, reliance on legal generalities, and citation to inapposite cases cannot overcome Defendants' showing that the specific facts and circumstances before the Court counsel against moving forward until this case can be adjudicated as to all Defendants at one time. For the reasons set forth below and in Defendants' motion, this Court should either extend the automatic bankruptcy stay because GGCH is a indispensable party, or issue a stay under its inherent authority to manage its docket.

## I. THE COURT SHOULD STAY THIS CASE BECAUSE GOLDEN GATE COMMUNITY HEALTH IS AN INDISPENSABLE PARTY

It is undisputed that the automatic stay of proceedings against a debtor in bankruptcy under 11 U.S.C. § 362(a) can be extended to non-bankrupt co-defendants where the defendant in bankruptcy proceedings is a necessary or indispensable party. (Mot. at 2, ECF No. 109.) Gonzalez does not contend otherwise.

Instead, he asserts that alleged joint tortfeasors and co-conspirators are not indispensable parties. (Opp'n at 6-7, ECF No. 113.) He offers no argument as to why GGCH is not an indispensable party under the facts and circumstances of this case, and makes no attempt to distinguish any contrary authority cited in Defendants' motion.

In failing to do so, Gonzalez ignores the Ninth Circuit's mandate that "the inquiry [under Rule 19] is a practical, *fact-specific* one, designed to avoid the harsh results of rigid application." Dawavendewa v. Salt River Project Agric. Improvement & Power Dist., 276 F.3d 1150, 1154 (9th Cir. 2002) (emphasis added). He also ignores the authority holding that joint tortfeasors and co-conspirators *are indispensable* parties when the facts and circumstances of a particular case dictate

they should be joined under Rule 19.  See, e.g., Laker Airways, Inc. v. British Airways, PLC, 182 F.3d 843, 848 (11th Cir. 1999) (joint tortfeasor was a necessary party where claims "substantially implicat[ed]" its interests); Haas v. Jefferson Nat'l Bank, 442 F.2d 394, 398 (5th Cir. 1971) (joint tortfeasor will be considered a necessary party when it "emerges as an active participant" in allegations made in complaint that are "critical to the disposition of the important issues in the litigation"); In re Toyota Motor Corp., No. 8:10ML 02151 JVS (FMOx), 2011 WL 1485479, at *9 (C.D. Cal. Apr. 8, 2011) (joint tortfeasor is a necessary party "when the absent party is . . . an active participant in the allegations that are critical to the disposition of the litigation"); McNeill v. Travelers Ins. Co., No. 05-2727-STA, 2008 U.S. Dist. LEXIS 102108, at *16-18 (W.D. Tenn. Dec. 17, 2008) (co-conspirators were indispensable parties where they had an "interest relating to the subject of the action and their interests might be impaired if they are not parties to this suit," and they would be prejudiced if not party to the suit) (internal citations and quotations omitted); Occidental Petroleum Corp. v. Buttes Gas & Oil Co., 331 F. Supp. 92, 105-06 (C.D. Cal. 1971) (co-conspirator may be a necessary and indispensable party under Rule 19), aff'd, 461 F.2d 1261 (9th Cir. 1972).

   Contrary to Gonzalez's assertion, GGCH can be a necessary and indispensable party regardless of whether it is an alleged joint tortfeasor or co-conspirator. Defendants demonstrated that, under Burk v. Steve & Barry's Illinois, LLC, No. 07-CV-0349-MJR, 2008 WL 4900717, at *1 (S.D. Ill. Nov. 13, 2008), that is precisely the case here.  (Mot. at 2-3, ECF No. 109.)  Gonzalez makes no effort to distinguish Burk, or any of the cases cited in Defendants' motion holding that a bankruptcy stay may be extended to non-bankrupt parties.  As the court did in Burk, and as numerous other courts have done, this Court should stay these proceedings pending the resolution of bankruptcy proceedings against GGCH.

II. **EVEN IF GGCH IS NOT INDISPENSABLE, THE COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO STAY THESE PROCEEDINGS**

Even if this Court determines GGCH is not an indispensable party, it can and should stay these proceedings.

It is well-settled that a district court has inherent power to stay proceedings as an "incidental [exercise of] the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (same); Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."); Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979) (same).

Gonzalez does not dispute this rule. Rather than address the factors that bear on whether a court should exercise this authority, he completely ignores them. Gonzalez asserts, without citation to any authority, that the Court need not consider the factors enumerated in Keating v. Office of Thrift Supervision, 45 F.3d 322 (9th Cir. 1995), because they are "inapplicable." (Opp'n at 7-8, ECF No. 113.) Gonzalez is wrong—the Keating factors track those considered by the Supreme Court in Landis v. North American Co., and the Ninth Circuit in CMAX, Inc. v. Hall, and are properly considered by this Court.

Relying on the Supreme Court's decision in Landis, the Ninth Circuit in CMAX identified a series of competing interests to be weighed by a district court in considering whether to stay a civil proceeding pending the resolution of independent proceedings that bear upon the case:

3
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS

> Among these competing interests are the possible damage which may result from the granting of the stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

CMAX, 300 F.2d at 268.  These considerations are substantively identical to those the Ninth Circuit set forth in Keating, where it considered whether to stay a civil proceeding in light of a parallel criminal proceeding (compare CMAX, 300 F.2d at 268, with Keating, 45 F.3d at 324-25), and district courts in this circuit regularly look to Keating in considering a motion to stay civil proceedings pending the disposition of parallel civil cases.  See, e.g., Doe 1 v. AOL LLC, 719 F. Supp. 2d 1102, 1106-07 (N.D. Cal. 2010) (citing Keating for factors "the Court generally considers" in ruling on request for discretionary stay); Keshishzadeh v. Arthur J. Gallagher Serv. Co., Nos. 09cv0168-LAB (RBB) & 09cv1273-LAB (RBB), 2010 WL 1904887, at *1 (S.D. Cal. May 12, 2010) (citing Landis and Keating, which articulated "similar considerations for . . . whether to stay civil proceedings").

Accordingly, whether this Court articulates the competing interests it must weigh based on CMAX or Keating, the inquiry is the same.  The Court must weigh: (1) the harm that may result from granting the stay (the first and fourth factors enumerated in Keating); (2) the hardship or inequity to Defendants by having to proceed with the case in the absence of GGCH (the second factor enumerated in Keating); and (3) the economy and efficiency that may result from a stay of proceedings (the third factor enumerated in Keating).  See CMAX, 300 F.2d at 268; see also Keating, 45 F.3d at 324-25.  As demonstrated in Defendants' motion, each factor supports a stay in this case.

As to the first factor, neither plaintiff nor the public will suffer any damage if these proceedings are stayed pending the resolution of bankruptcy proceedings

against GGCH.  (Mot. at 4, ECF No. 109.)  Plaintiff's suit seeks only monetary damages for alleged past harm.  (Second Am. Compl. ("SAC") at 51-53, ECF No. 105.)  It seeks no relief aimed at any of Defendants' continuing practices.  Nor could it, because while the California Department of Health Services' 2004 audit of Planned Parenthood of Riverside and San Diego Counties was ongoing, the California legislature passed Assembly Bill 2151, codified at California Welfare and Institutions Code section 14132.01, which effectively permits Defendants to bill in the same amounts they always have.  (See ECF No. 90.)  The only potential harm to Gonzalez that could result from a stay in this case is a delay in payment to him.

      The Ninth Circuit has rejected the notion that mere delay is sufficient to defeat a motion for stay.  CMAX, 300 F.2d at 268-69 (stay appropriate where CMAX would not suffer irreparable injury because the full extent of its damage was a delay in receipt of money damages).  Where, as here, "a plaintiff seeks only damages for past harm, . . . the only injury from a stay would be a delay in monetary recovery—there is not a sufficient basis to deny a stay."  AsIs Internet Servs. v. Member Source Media, LLC, No. C-08-1321 EMC, 2008 WL 4164822, at *2 (N.D. Cal. Sept. 8, 2008) (internal citations and quotations omitted); see also Seastrom v. Dep't of Army, No. C-08-4108 EMC, 2009 WL 585838, at *2 (N.D. Cal. Mar. 4, 2009) (denying motion for stay because "[t]his is not a situation where there is simply a delay in receiving damages, which the Ninth Circuit has indicated does not constitute hardship"); AsIs Internet Servs. v. Active Response Grp., No. C07 6211 THE, 2008 WL 4279695, at *5 (N.D. Cal. Sept. 16, 2008) ("A mere delay in monetary recovery is not a sufficient basis to deny a stay.").

      Gonzalez's half-hearted reference to the specter of lost evidence (Opp'n at 5, ECF No. 113), fares no better as a basis for establishing harm.  He offers nothing in support of such a risk except a brief summary of the procedural case history.[1]  Nor

---

[1] Gonzalez's procedural history is inaccurate.  Contrary to his assertion that the

(cont'd)

could he, as there is no impediment to preserving relevant evidence in this case if the Court stays these proceedings.

*First*, as Gonzalez himself points out, this case is almost 6 years old (Opp'n at 5, ECF No. 113), and the claims set forth in the SAC relate to conduct that is almost 20 years old. (See SAC ¶ 4, ECF No. 105.) A further brief, temporary stay of these proceedings will not result in any grater marginal "harm," given the passage of time that has already occurred. This is the first time in the lengthy history of this case that Gonzalez has expressed any concern about "the age of this case" or about any risk to the preservation of relevant evidence. (See Opp'n at 5, ECF No. 113.) Moreover, each "delay" Gonzalez now identifies was, in fact, a legitimate exercise of motions practice that narrowed and clarified the issues in this case for the Court. (E.g., Apr. 19, 2011 Order at 14-15, ECF No. 104 (dismissing with prejudice claims under the California False Claims Act and narrowing Gonzalez's federal False Claims Act allegations to Family PACT).)

*Second*, the only claims remaining in this case are those that pertain to Defendants' alleged over-billing under Family PACT. (Apr. 19, 2011 Order at 14-15, ECF No. 104.) The bulk of evidence relevant to such allegations will be maintained in documentary form, such as billing records, accounting documents, and email correspondence, which is not susceptible to the passage of time. Gonzalez may rest assured that the memory of written documents and electronic correspondence will not fade. Moreover, Defendants have a duty to preserve evidence relevant to this action, and Gonzalez has never suggested that Defendants have failed to discharge that obligation. Realnetworks, Inc. v. DVD Copy Control Ass'n, 264 F.R.D. 517, 523 (N.D. Cal. 2009) ("As soon as a potential claim is identified, a litigant is under a

---

*(cont'd from previous page)*
Court's last order granting in part Defendants' motion for judgment on the pleadings "rejected [Defendants'] substantive defenses" and rested only on pleading defects (Opp'n at 5, ECF No. 113), the Court's order dismissed with prejudice each of Gonzalez's claims under the California False Claims Act because they were time-barred. (Apr. 19, 2011 Order at 14-15, ECF No. 104.)

6
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS

duty to preserve evidence which it knows or reasonably should know is relevant to the action.").

On the other side of the equation, the second and third CMAX (and second and third Keating) factors support a stay in this case. (Mot. at 4, ECF No. 109.) The potential hardship to Defendants in proceeding with piecemeal discovery, duplicative motions practice and repeated trial proceedings, and risking inconsistent judgments weighs strongly in favor of staying these proceedings until the case can proceed against all Defendants at one time. (Id.) Considerations of judicial economy favor a stay for the same reasons. (Id.) See Leyva, 593 F.2d at 864 ("waste [of] judicial resources" and burden of duplicative discovery and evidentiary proceedings weigh in favor of granting discretionary stay); Chronicle Publ'g. Co. v. Nat'l Broad. Co., 294 F.2d 744, 747 (9th Cir. 1961) (stay appropriate to prevent "wasteful duplication of effort" in parallel proceedings that would require "assembling the same factual data in painstaking detail for the purpose of considering these facts from different points of view").

None of the cases cited by Gonzalez in opposition to a discretionary stay support the result he seeks. (Opp'n at 8, ECF No. 113.) Unlike the case at bar, each case cited by Gonzalez involved claims for asbestos-related tort injuries against co-defendants, whose relative share of damages could ultimately be determined in actions for contribution or indemnification. See Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 126, 128 (4th Cir. 1983); Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 543, 546 (5th Cir. 1983); Austin v. Unarco Indus., Inc., 705 F.2d 1, 3, 5 (1st Cir. 1983). The court in each case denied the request for a discretionary stay because it determined that the potential injustice to plaintiffs dying of asbestos-related diseases, which would result from any delay in proceedings, outweighed any potential risk to defendants or possible sacrifice in judicial economy. Williford, 715 F.2d at 127-28 ("[o]f particular significance in balancing the competing interests . . . are the human aspects of the needs of a plaintiff in declining

health as opposed to the practical problems imposed by the proceedings in bankruptcy"); Wedgeworth, 706 F.2d at 545-46 ("realities of the hardship of a stay on the plaintiffs, many of whom allege they are dying from asbestosis, is substantial and, in some instances, permanent," while "[q]uestions of contribution, indemnity and apportioned liability . . . will have to be confronted and resolved at some time in some forum"); Austin, 705 F.2d at 5 (defendant may proceed against co-defendant for contribution; "in a number [of similar] cases, plaintiffs and crucial witnesses are dying").  Defendants respectfully suggest that any minor, potential harm to Gonzalez's interests as a "whistleblower" in alleged false claims under Family PACT bears no resemblance to the potential harm suffered by asbestos plaintiffs deprived of any opportunity to have their claims heard before they succumb to life-threatening injuries.  Indeed, Gonzalez has suffered no personal injury that he seeks to redress in this case.  And, unlike the asbestos defendants who could ultimately protect their interests through actions for contribution or indemnification, Defendants here will have no such opportunity because there is "no . . . right to contribution or indemnity in a FCA action."  Mortgs., Inc. v. U.S. Dist. Court for Dist. of Nev. (Las Vegas), 934 F.2d 209, 214 (9th Cir. 1991); see also Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1208-09 (9th Cir. 2009) (FCA defendant cannot seek indemnification and contribution to offset FCA liability, but can seek indemnification and contribution for claims not dependent on liability under FCA).

      Gonzalez's assertion that the "usual course would be for this Court to sever the proceedings" is similarly unfounded.  (Opp'n at 8, ECF No. 113.)  None of the cases cited by Gonzalez support such a broad proposition.  In fact, most of Gonzalez's cases did not even consider the Court's discretionary authority to stay proceedings.  See Symantec Corp. v. Logical Plus, Inc., No. C 06-7963 SI, 2009 U.S. Dist. LEXIS 86340 (N.D. Cal. Sept. 8, 2009); Seiko Epson Corp. v. Nu-Kote Int'l, Inc., 190 F.3d 1360 (Fed. Cir. 1999); Duval v. Gleason, No. C-90-0242-DLJ, 1990 U.S. Dist. LEXIS 18398 (N.D. Cal. Oct. 19, 1990).  The court in In re Related

Asbestos Cases recognized its discretion to sever a bankrupt co-defendant or to issue a discretionary stay as to all defendants pending the completion of bankruptcy proceedings, and declined to issue a stay based on the same calculation as the courts in the asbestos cases discussed above—"the balance of hardships weigh in favor of the injured plaintiffs" who "are suffering financial hardship . . . and some of whom are dying and whose testimony must be perpetuated." 23 B.R. 523, 530-32 (Bankr. D.C. Cal. 1982). Gonzalez is suffering from no comparable hardship here. Accordingly, Gonzalez has failed to produce any substantive case authority to support his objection to a discretionary stay in this case.

It is undisputed that this Court has the discretion to stay these proceedings. The factors set forth in Landis, CMAX, and Keating support a stay in this case. On one side of the scale, there is little, if any, risk of harm to Gonzalez or to the public in an additional delay to the adjudication of this already delayed case, which arises out of past billing practices that have since been ratified by the State of California. On the other side, the interests of judicial economy and the potential hardship to Defendants strongly favor a stay. The Court should, therefore, exercise its inherent authority and stay these proceedings pending resolution of the bankruptcy proceedings against GGCH.

## CONCLUSION

For the reasons set forth above and in their motion to stay, Defendants respectfully request that the Court stay these proceedings as to all Defendants during the pendency of the automatic stay as to GGCH.

DATED: June 13, 2011    Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Matthew Donald Umhofer
Nicole A. Rodriguez

By: _____*/s/ Matthew Donald Umhofer*_____
           MATTHEW DONALD UMHOFER

Attorneys for Defendants Planned Parenthood Los Angeles, et al.

9