# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-08818 AHM (FMOx) | Date | June 27, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:    Attorneys **NOT** Present for Defendants:

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

This matter is before the Court on the motion to stay this action filed by Planned Parenthood[1], Golden Gate Community Health, Mary Jane Waglé, Martha Swiller, and Kathy Kneer (collectively "Defendants"). The Court held a hearing on this matter on June 27, 2011. For the reasons set forth below, the Court DENIES the motion.[2]

## I.    BACKGROUND

The parties are familiar with the factual background and procedural posture of this case, in which *qui tam* plaintiff P. Victor Gonzalez ("Plaintiff") alleges that Planned Parenthood entities in California defrauded the federal government and the state of California by overbilling for contraceptives provided through the state's Family Planning, Access, Care and Treatment ("FPACT") program.

On May 2, 2011, defendant Golden Gate Community Health ("GGCH"), filed for Chapter 7 bankruptcy, which automatically stayed this action as to GGCH.[3] 11 U.S.C. §

---

[1] Although the Planned Parenthood entities named as defendants are separate nonprofit organizations, the Court will refer to them generically as "Planned Parenthood."

[2] Docket No. 109.

[3] The Court GRANTS Defendants' request for judicial notice of the Form B9D providing notice of GGCH's bankruptcy case. Docket No. 110.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-08818 AHM (FMOx) | Date | June 27, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

362. On May 25, 2011, Defendants answered Plaintiff's Second Amended Complaint ("SAC") and filed the instant motion to stay this case in its entirety. Defendants argue that the Court should stay this action because GGCH is an indispensable party and the litigation cannot proceed in GGCH's absence. In the alternative, Defendants argue that even if GGCH is not considered an indispensable party, the Court should exercise its inherent authority to stay the proceedings as to all defendants until the GGCH bankruptcy is resolved.

## II. ANALYSIS

"As a general rule, the automatic [bankruptcy] stay . . . protects only the debtor, property of the debtor, or property of the estate. It does not protect non-debtor parties." *Chugach Timber Corp. v. Northern Stevedoring & Handling Corp.*, 23 F.3d 241, 246 (9th Cir. 1994) (internal quotation marks and citation omitted). An automatic stay of litigation against one bankrupt defendant may be extended to non-bankrupt co-defendants if the bankrupt defendant is a necessary or indispensable party. *In re James Wilson Assocs.*, 965 F.2d 160, 170 (7th Cir. 1992) (Although a bankruptcy stay typically is not extended to co-defendants, "[t]here may . . . be an exception where the debtor is an indispensable party to the litigation . . . . [I]f the debtor is an indispensable party . . . the litigation cannot proceed in his absence . . . .").

Federal Rule of Criminal Procedure 19 governs whether a party is "necessary" – meaning it must be joined for the action to proceed – or merely "permissive." Under Rule 19(a), a party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties" or if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede that person's ability to protect the interest; or . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

The Supreme Court has reiterated that "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (concluding that "the threshold requirements of Rule 19(a) have not been satisfied" because defendants "[a]s potential joint tortfeasors . . . were merely permissive parties"). Moreover, "[t]he Advisory Committee Notes to Rule

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-08818 AHM (FMOx) | Date | June 27, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

19(a) explicitly state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." *Id.* at 7.

GGCH clearly is a joint tortfeasor. As Plaintiff points out, he "could have chosen to sue only the other defendants." Opp. at 7.

Defendants rely heavily on *Burk v. Steve & Barry's Illinois, LLC*, in which the parent company of defendant Steve & Barry's declared bankruptcy. 2008 WL 4900717, *1 (S.D. Ill. Nov. 13, 2008). The automatic stay applied to Steve & Barry's, but the court ordered the sole co-defendant, Stoltz Management, and the plaintiffs to brief whether the action should be stayed in its entirety. *Id.* at *1. Notably, unlike here, *plaintiffs* argued that the matter should be stayed, and Stoltz Management did not even respond to the court's order. *Id.* The *Burk* court concluded that the action should be stayed against all defendants because the bankrupt defendant was an indispensable party. *Id.* at *2.

The facts in *Burk* are easily distinguishable from those presented here. In *Burk*, the plaintiffs alleged Steve & Barry's (a retail establishment) and Stoltz Management (a property management company) discriminated against plaintiffs based on their race. *Id.* Stoltz Management managed the mall wherein the Steve & Barry's store was located. *Id.* According to plaintiffs, the Steve & Barry's store detained and questioned them and then "published a statement to other commercial establishments located in the [mall] that Plaintiffs were guilty of retail theft." *Id.* Stoltz Management then denied plaintiffs access to the mall for six months. *Id.* Thus, the factual allegations against Steve & Barry's were inextricably intertwined with the allegations against Stoltz Management.

Here, by contrast, Plaintiff sets forth essentially identical allegations against all ten of the entity defendants. The allegations against the nine Planned Parenthood entities can be tried and resolved without requiring the presence of GGCH.

Accordingly, the Court finds that GGCH is not a necessary party under Rule 19(a).

The Court also has discretion to stay the action as to all Defendants until the GGCH bankruptcy is resolved. *Mediterranean Enters., Inc. v. Ssanyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (A "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-08818 AHM (FMOx) | Date | June 27, 2011 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

pending resolution of independent proceedings which bear upon the case.") (quotation marks and citations omitted). Nevertheless, the Court declines to stay the action. This case has already been pending since 2005. The interests of the plaintiff, persons not parties to the case, and the public all counsel in favor of its expeditious resolution. The Court's interest in managing its docket also weighs in favor of moving forward without GGCH.

## III. CONCLUSION

Based on the foregoing, the Court DENIES Defendants' motion. The Court ORDERS that Plaintiff's claims against GGCH be severed and that the action proceed against the other named defendants.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |