O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-08818 AHM (FMOx) | Date | August 2, 2012 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | | Not Reported | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:         Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

On June 26, 2012, this Court granted Defendants' motion to dismiss Plaintiff's Third Amended Complaint ("TAC") with prejudice. (Dkt. 135.) Defendants now move to recover *pro bono* counsel's attorneys fees under 31 U.S.C. § 3730(d)(4). Defendants seek $117,368, an amount limited to the time defense counsel spent litigating the deficiencies of the TAC, and intend to donate the fee award to charity. For the following reasons, the Court DENIES Defendants' motion.[1]

In *qui tam* cases, a court may award attorneys' fees against the plaintiff only under the limited circumstances where "the 'action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.'" *Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005-06 (9th Cir. 2002) (quoting 31 U.S.C. § 3730(d)(4)). "An action is 'clearly frivolous' when 'the result is obvious or the appellant's arguments of error are wholly without merit.'" *Id.* (quoting *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir.1994)). Although this Court ultimately found that Plaintiff's allegations lacked merit, that is not equivalent to a finding that his claims were "clearly frivolous." Plaintiff's lawsuit raised the close question of whether Planned Parenthood had made "false" statements within the meaning of the False Claims Act by seeking reimbursement for contraceptives at usual and customary rates instead of at acquisition costs. Because Plaintiff never alleged that Planned Parenthood had represented that the amounts for which it was seeking reimbursement were "at cost," nor did Plaintiff allege that Planned Parenthood had ever represented that it was in compliance with the billing rules set forth in the FPACT manual, the Court found that there was no allegation of falsity.

---

[1] Dkt. 140.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-08818 AHM (FMOx) | Date | August 2, 2012 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

Nonetheless, Plaintiff's lawsuit was not so meritless as to warrant an award of attorneys fees under the stringent standard set forth by §3730(d)(4).

 Defendants also argue that the TAC was frivolous because Plaintiff failed to fix the deficiencies in his previous complaint and included in his TAC state claims that had been dismissed with prejudice.  Again, neither of these actions rises to the level of "frivolousness."  On April 19, 2011, the Court dismissed Plaintiff's federal False Claims Act claims with leave to amend, noting that Plaintiff had failed to "plead the 'who, what, where, and how' of the alleged false claims with sufficient particularity." (Dkt. 104 at 13.)  Accordingly, Plaintiff's TAC included multiple new allegations specifying which contraceptives Defendants submitted for reimbursement, the dates on which reimbursement claims were submitted, and for how much.  (e.g., TAC ¶¶ 76-78.)  The Court ultimately found that these additional allegations could not survive the new legal theory presented by Defendants in their motion to dismiss, but Plaintiff nonetheless made a concerted effort to address the Court's concerns regarding particularity, and the Court's decision to dismiss the case was not an "obvious" result.  As for the inclusion of the dismissed state claims, Plaintiff made clear in his TAC that he was only including those claims to preserve them for appeal.  Although that was unnecessary, it was not "clearly frivolous," nor did it prejudice Defendants in any way.

 Finally, Defendants contend that Plaintiff's lawsuit was vexatious or brought purely for the purposes of harassment.  It is apparent, and Plaintiff does not deny, that there is no small amount of animosity between the parties and their counsel.  (Opp. 11-12).  This Court has previously noted that Plaintiff's multiple lawsuits against Planned Parenthood suggest that Plaintiff is "motivated by a personal grievance" against Defendants. (Dkt. 63 at 6.)  Nonetheless, the law is clear that "[t]he award of fees under the False Claims Act is reserved for rare and special circumstances." *Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1006-07 (9th Cir. 2002).  The fact that a litigant or his lawyers have a mission or a viewpoint does not necessarily make a lawsuit they brought "vexatious."  Nor can the Court ignore the First Amendment implications of awarding attorneys fees in a case such as this, especially where the Court has found that the lawsuit was not clearly frivolous.  Thus, for the aforementioned reasons, the Court DENIES Defendants' motion.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-08818 AHM (FMOx) | Date | August 2, 2012 |
|---|---|---|---|
| Title | P. VICTOR GONZALEZ, *et al.* v. PLANNED PARENTHOOD OF LOS ANGELES, *et al.* | | |

:

Initials of Preparer        SMO